NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

GARRETT DAVARRAS SMITH, :
: CIV. NO. 20-1111 (RMB-AMD)
      Plaintiff :
:
  v. : **OPINION**
:
UNITED STATES OF AMERICA :
*et al.*, :
:
      Defendants :

BUMB, DISTRICT JUDGE

    Plaintiff Garrett Davarras Smith, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed this civil rights action on January 31, 2020. (Compl., Dkt. No. 1.) The Court administratively terminated this action, subject to reopening upon Plaintiff's submission of a properly completed application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a). Plaintiff has now submitted an IFP application (Dkt. No. 4) that establishes his financial eligibility to proceed without prepayment of the filing fee, and the Court will reopen this matter.

    In this Court's Opinion dated July 23, 2020, the Court explained that Plaintiff's complaint would be subject to screening for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 42 U.S.C. § 1997e(c)(1), and as submitted, the Complaint failed to

state a claim and would be subject to dismissal. (Opinion, Dkt. No. ). Plaintiff did not submit an amended complaint with his IFP application. Therefore, the Court will now dismiss the complaint without prejudice, as described in the previous opinion and incorporated below. Plaintiff may reopen this action if he can allege additional facts in an amended complaint that cure the deficiencies in his claims described below.

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

3

Plaintiff, a federal prisoner, brings his claims under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) against the following prison officials, employees and contractors, based on their involvement in the alleged failure to properly treat Plaintiff's hip injury: United States of America, Federal Bureau of Prisons, Warden Ortiz, Associate Warden Smith, Unknown Nurses 1 and 2, Assistant Health Services Administrator J. Wilks, Regional Director Carvoyal, Central Office Director Ian Conners, PA Ibe Chogizie, Dr. Ravi Sood, R.N. M. Bynum, RREMT E. Martin and Dr. Thomas Bills. (Compl., Dkt. No. 1.) Plaintiff does not describe the nature of his hip injury but he alleges that he was misdiagnosed and requires corrective surgery to alleviate his pain. He seeks to hold the non-medical professionals liable for failing to investigate his complaints and failing to train and supervise the medical professionals in diagnosis and treatment of his condition.

    B.   <u>Bivens Claims</u>

There is no statutory basis to bring a damages action against federal employees for violation of the Constitution. <u>Ziglar v. Abassi</u>, 137 S. Ct. 1843 (2017). Thus, in <u>Carlson v. Green</u>, the Supreme Court recognized an implied damages remedy where the estate of a prisoner alleged prison officials were liable for their deliberate indifference to a prisoner's serious medical need for

4

treatment of asthma, a claim that falls under the Eighth Amendment Cruel and Unusual Punishments clause. Carlson, 446 U.S. 14 (1980). Plaintiff's claim is similar in that he brings claims against federal prison employees and administrators for an alleged failure to provide medical care for his hip injury. Therefore, the Court will analyze Plaintiff's claim under Bivens.

Sovereign immunity protects the United States of America, its agencies and federal employees sued in their official capacities from Bivens claims for money damages, absent an explicit waiver. Lewal v. Ali, 289 F. App'x 515, 516 (3d Cir. 2008) (citations omitted)). Therefore, the Court dismisses with prejudice the Bivens claims against the United States of America, the BOP and the remaining defendants in their official capacities only.

To state an Eighth Amendment Claim, a plaintiff must allege facts indicating that defendants were deliberately indifferent to the plaintiff's serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "As long as a physician exercises professional judgment, his or her behavior does not violate a detainee's constitutional rights." Moore v. Luffey, 767 F. App'x 335, 340 (3d Cir. 2019) (citing Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Deliberate indifference may exist under circumstances "where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care'

5

or where '[s]hort of absolute denial' ... 'necessary medical treatment [i]s ... delayed for non-medical reasons,' or where 'prison authorities prevent an inmate from receiving recommended treatment.'" Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993) (quoting Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citations omitted)). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official" is not deliberately indifferent to an inmate's serious medical need." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999.) Further, "'[i]f a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'" Id. (quoting Spruill, 372 F.3d at 236.))

    Plaintiff does not allege facts suggesting more than his disagreement with the judgment of the medical professionals who treated him or his disagreement with non-medical prison officials' reliance on the professional judgment of the medical defendants. Without more, Plaintiff fails to state an Eighth Amendment claim.

6

The Court dismisses these claims against defendants in their individual capacities without prejudice for failure to state an Eighth Amendment Bivens claim.

III. CONCLUSION

For the reasons stated above, the Court will dismiss the complaint without prejudice.

An appropriate Order follows.

DATE:   August 14, 2020

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**